UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JUAN PACHECO, JR.,

               Petitioner.

       v.

UNITED STATES OF AMERICA,

               Respondent.

_____

                            20-CV-1642-LJV
                            17-CR-0049-LJV
                            DECISION & ORDER

Pending before this Court are two motions brought by the *pro se* petitioner, Juan Pacheco, Jr. Pacheco has moved under 28 U.S.C. § 2255 to vacate his sentence, Case No. 20-CV-1642[1]; Case No. 17-CR-0049, Docket Item 240; he also has moved for his state and federal sentences to run concurrently, Docket Item 234. Because this Court explicitly gave Pacheco credit for the state time he served in the form of a reduced federal sentence, he already has been given the relief he now requests. For that reason, his motions are both denied.

## **BACKGROUND**

On June 21, 2018, Pacheco pleaded guilty to Count 1 of the indictment in 17-CR-0049, which charged a violation of 21 U.S.C. § 846 (conspiracy to possess with intent to distribute, and to distribute, 5 kilograms or more of a mixture and substance containing cocaine). *See* Docket Item 118. In the plea agreement, Pacheco and the government

_____

[1] Pacheco petitioned under this civil docket number to vacate his sentence. All further citations are to the underlying criminal docket.

agreed that Pacheco's sentencing range under the United States Sentencing Guidelines ("Guidelines") "would be a term of imprisonment of 240 months, a fine of $30,000 to $10,000,000, and a period of supervised release of ten years." *Id.* at ¶ 12.  Pacheco explicitly waived his right to appeal or collaterally attack his conviction as well as a sentence within or below the Guidelines range.  Docket Item 118 at ¶¶ 20-21.

On August 28, 2019, this Court accepted the plea agreement and granted the government's motion for sentencing-related relief.  Docket Item 259 at 11-12, 14.  The Court recalculated the Guidelines range to include a term of imprisonment of 77 to 96 months and a term of supervised release of two to five years.  *Id.*  The Court then sentenced Pacheco to 84 months' imprisonment, no fine, and five years' supervised release.  *Id.* at 21.  The Court entered judgment on September 3, 2019.  Docket Item 227.

Pacheco did not appeal his conviction or sentence.  On July 13, 2020, however, he wrote a letter to the Court and asked that his "federal time be run concurrent with [his] state time."[2]  Docket Item 234 at 1.  And on November 6, 2020, Pacheco moved to set aside, vacate, or correct his sentence under 28 U.S.C. § 2255, likewise arguing that he should get federal credit for the time he served in state custody.  Docket Item 240.  On January 4, 2021, the government responded to Pacheco's section 2255 motion.  Docket Item 242.  Pacheco did not reply.

---

[2] The Court initially referred this request to the Federal Public Defender's Office, which looked into the matter and communicated to Pacheco that the Federal Bureau of Prisons ("BOP") credited much of the time that Pacheco served in a state custody to his federal sentence.  *See* Docket Items 236, 237.  However, as explained in more detail below, the BOP could not credit all of the time that Pacheco served in state custody to his federal sentence.

## DISCUSSION

I.    **MOTION TO VACATE**

Pacheco seeks relief under 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside[,] or correct the sentence.

28 U.S.C. § 2255(a).  A court may dismiss a section 2255 petition without first conducting a hearing if the petition and record "conclusively show" that the petitioner is not entitled to the relief he seeks.  *Id.* § 2255(b).

Pacheco's section 2255 petition is based on the time that he served in state custody during the pendency of his case in this Court.  He was arrested in this case on August 18, 2016.  Docket Item 259 at 16.  But after Pacheco was arrested, he initially was "held in local custody on two DWI [Driving While Intoxicated] cases."  Docket Item 237.  Pacheco remained in custody until he was sentenced by this Court on August 28, 2019.  *See generally* Docket Item 222.

The BOP credited some of that time to Pacheco's federal sentence.  But it could not give Pacheco credit for any time used to satisfy his DWI sentences because that time was "credited to [] sentence[s] imposed in another jurisdiction."  *See* Docket Item 236; *see also* Docket Items 222, 237.  In all, Pacheco served "a total of eight [] months and one [] day" in state custody for which he was not given federal credit.  Docket Item 222 at ¶ 47; *see also* Docket Item 259 at 16.

3

Pacheco asks for the time he served in state custody to apply to his federal sentence. Docket Item 240. He says that he "believe[s] that when [he was] sentenced, [this Court] stated that [he] should get credit for the time that [he] served" in state custody. *Id.* at 5. He is correct. But the Court already gave Pacheco credit for the time he served in state custody. And to the extent that Pacheco asks this Court to further adjust or otherwise correct his sentence, that request is barred by the waiver in his plea agreement.

First, this Court indeed believed that Pacheco should get credit for the state time that he served both before and after he pleaded guilty. And for that reason, the Court imposed a shorter sentence than it would have otherwise. More specifically, this Court explicitly imposed a sentence eight months shorter than it was inclined to impose solely because of Pacheco's time in state custody. As this Court explained at sentencing:

> I would have imposed the very high end of . . . the 77- to 96-month [Guidelines] range. . . . I didn't for a couple of reasons. One, *I think you ought to get credit for those eight months that you served that you didn't get credit for, those eight months in state time, so I knocked that off.* And then I also think you ought to get some credit for what . . . was hard time in the state system in a local facility. . . . So, in my discretion, *I went from 96 months down to 84 months[.] [T]hat's . . . a year . . . so I took off eight months plus four months because of those two things*.

Docket Item 259 at 29-30 (emphasis added).

In other words, even though the BOP could not credit all of Pacheco's state time to his federal sentence, this Court effectively did that by imposing a lower sentence than it otherwise would have. So Pacheco already has received the relief he seeks: he was given "credit" for the eight months he spent in state custody in the form of a reduced federal sentence.

Read broadly, Pacheco's motion may seek a further reduction of his sentence. *See Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations and emphasis omitted) ("[S]ubmissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'").  But in the plea agreement, Pacheco waived his right to seek that relief.

"A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable."  *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016).  In the plea agreement here, Pacheco agreed to waive the following rights:

> The defendant understands that Title 18, United States Code, Section 3742[,] affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.
>
> The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

Docket Item 118 at ¶¶ 20-21 (paragraph numbers omitted).  During the plea colloquy, the Court explicitly ensured that Pacheco understood what he was waiving.  Docket Item 260 at 11-12, 43-44.  Because the sentence here was far below "the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12" of the plea agreement, *see* Docket Item 118 at ¶¶ 12, 20—indeed, it was well within the Guidelines range after granting the government's motion for sentencing-related relief,

*compare* 259 at 11-12, 14 (Guidelines range of 77 to 96 months' imprisonment), *with id.* at 21 (sentence of 84 months' imprisonment)—Pacheco has waived his right to collaterally attack it.

Pacheco does not argue that his plea was not knowing or voluntary.  *See* Docket Item 240.  He asks only that this Court credit the time served in state custody to his federal sentence.  *See id.*  The Court already has done that.  And to the extent that Pacheco wants anything more, his request is barred by the waiver in his plea agreement.[3]  Therefore, Pacheco's motion to vacate, set aside, or correct his sentence under section 2255, Docket Item 240, is denied.

## II.    MOTION FOR CONCURRENT TIME

Pacheco also has written a letter to the Court asking that his state and federal sentences run concurrently.  Docket Item 234.  The Court construes that letter as a motion requesting concurrent sentences.  For the reasons stated above, Pacheco's motion for his state and federal sentences to run concurrently, *id.*, is denied as moot.

---

[3] A defendant who has waived his right to appeal and collaterally attack his conviction and sentence still may raise an ineffective assistance of counsel claim "challenging 'the constitutionality of the *process* by which he waived [his rights].'" *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008) (emphasis and alteration in original) (quoting *United States v. Hernandez,* 242 F.3d 110, 113 (2d Cir. 2001)); *see also United States v. Lloyd*, 901 F.3d 111, 124 (2d Cir. 2018) (explaining that a defendant's "guilty plea [is] invalid and his appeal waiver [is] unenforceable if he prevail[s] on his claim that he received constitutionally ineffective assistance of counsel during his plea proceedings"), *cert. denied*, 140 S. Ct. 55 (2019).  Pacheco, however, makes no such argument here.  *See* Docket Item 240.

## **CONCLUSION**

Pacheco's motion to vacate his sentence under 28 U.S.C. § 2255, Docket Item 240, and his motion for his state and federal sentences to run concurrently, Docket Item 234, are DENIED.  His petition in W.D.N.Y. Case No. 20-CV-1642 is DISMISSED; and the Clerk of the Court shall close that case.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States,* 369 U.S. 438 (1962).  The Court also certifies under 28 U.S.C. § 2253(c)(2) that because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, the Court denies a certificate of appealability.

Pacheco must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:  August 10, 2021
       Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE